# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE M. WEISWASSER,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHY MENDOZA-POWERS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-00550-AWI-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT ROSE OR FILE AMENDED COMPLAINT, WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Lawrence M. Weiswasser ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 9, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.    Plaintiff's Claims

Plaintiff is an inmate housed at Avenal State Prison. The defendants named in this action are Warden Kathy Mendoza-Powers, Dr. William Cain, Vickie O'Shaughnessy, M. Rose, Officer Viramontes, Dr. Bhaika, and Does 1-6, and plaintiff is seeking money damages and injunctive relief. The claims in this action arise from the medical treatment plaintiff is being provided.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

///

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff's claims involve his medical care and therefore fall within the purview of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin

1  v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.
2  Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in
3  receiving medical treatment, the delay must have led to further harm in order for the prisoner to
4  make a claim of deliberate indifference to serious medical needs.  McGuckin, 974 F.2d at 1060
5  (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

6  Plaintiff is seventy-one years old, and a former physician.[1]  On or around June 1, 2005,
7  plaintiff experienced rectal bleeding, which plaintiff alleges is one sign of colon cancer.  Plaintiff
8  submitted a Health Care Services Request form seeking a colonoscopy.  On June 13, 2005, plaintiff
9  was seen by Dr. Cain for an unrelated problem and notified Cain of the bleeding and his request for
10  a colonoscopy.  Defendant Cain did not perform an examination and stated he would wait to receive
11  the request form.  On July 18, 2005, plaintiff again saw defendant Cain for an unrelated problem and
12  reminded him of plaintiff's bleeding and request for a colonoscopy.  Defendant Cain did not perform
13  an examination, but submitted a Health Care Services Physician Request form.  Plaintiff alleges that
14  defendant Cain incorrectly designated the test as routine rather than emergent or urgent.

15  In early August, plaintiff experienced a second episode of rectal bleeding.  Plaintiff submitted
16  an inmate appeal, which did not receive a response.  On October 7, 2005, plaintiff asked about the
17  colonoscopy and was told by defendant Cain that a nurse is supposed to contact the consultant, who
18  then sets the appointment.  Plaintiff alleges that the consultant should have scheduled the
19  colonoscopy in July of 2005, when it was ordered by defendant Cain.

20  Plaintiff alleges that blood tests on June 25, 2005, and October 12, 2005, showed anemia,
21  which could be the result of the bleeding.

22  On November 1, 2005, defendant Rose saw plaintiff, and confirmed plaintiff's complaint of
23  rectal bleeding and the request for a colonoscopy from the physician's progress notes.  On that date,
24  defendant Cain said he had ordered the test.  On November 7, 2005, plaintiff again saw defendant
25  Cain for an unrelated problem and expressed his concern over cancer of the colon.
26  ///

---

[1] Plaintiff alleges that he is a medical doctor.  The court takes judicial notice of the fact that plaintiff's license has been revoked by the Medical Board of California.

4

Plaintiff alleges that he has other symptoms suggestive of colon cancer, including a change in the pattern of his bowel movements. Plaintiff alleges that routine colonoscopies are recommended for people ages fifty and over.

On February 12, 2006, plaintiff was escorted to the infirmary and given Dulcolax in preparation for his colonoscopy. Plaintiff alleges defendant Rose told him to take four tablets, and when he informed her that he was a doctor and the dosage was too high, she told him if he did not take it, the procedure would be cancelled. Plaintiff alleges he took the four tablets and approximately thirty minutes later developed severe abdominal cramps, vomiting followed by dry heaves, and diarrhea which became bloody. Plaintiff began suffering intolerable pain and his diarrhea appeared to be pure blood at times. Plaintiff experienced fecal urgency and incontinence. Plaintiff alleges that he complained to defendant Rose about the pain and requested a hot water bottle, but she would not give him anything. Plaintiff alleges that defendant Rose subsequently gave him a phenergan injection for vomiting but did not give him anything for the pain. The next night, plaintiff alleges he was again coerced to take four tablets despite the reaction he had the night before.

On February 14, 2006, plaintiff was taken to Mercy Hospital where his colonoscopy was performed by Dr. Bhaika. Plaintiff alleges that what should have been a quick outpatient procedure turned into a week-long stay at the hospital where he was treated with intravenous fluids and medicine. Plaintiff alleges that he had blood in his bowel movements for four days, and was unable to eat solid food for three to four days. Plaintiff alleges that Dr. Bhaika diagnosed him with Crohn's Disease but he does not believe the diagnosis because Crohn's Disease is a chronic, long term, recurrent inflammation of the intestine, and plaintiff did not have past problems. Rather, his blood diarrhea appeared suddenly after taking the overdose of Dulcolax. Plaintiff alleges Dr. Bhaika ordered a follow-up colonoscopy in four weeks, but as of the filing of this complaint approximately eight months later, the exam had not been conducted.

Plaintiff's complaint is devoid of facts which would support a claim under section 1983 against defendants Mendoza-Powers and Viramontes for violating plaintiff's rights under federal law. Plaintiff's allegations also do not support a claim against Dr. Bhaika. At most, plaintiff's allegations support his disagreement with Dr. Bhaika's diagnosis of Crohn's Disease. Plaintiff's

5

1  disagreement with Dr. Bhaika's diagnosis does not support a claim for relief under section 1983.
2  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).
3       On June 21, 2005, defendant O'Shaughnessy responded to plaintiff's inquiry, dated April 14,
4  2005, concerning his prescription medication refills. (Exhibit 6.) O'Shaughnessy's written response
5  to plaintiff's inquiry does not support a claim under section 1983 that she violated his constitutional
6  rights.  Finally, with respect to defendants Rose and Cain, plaintiff's factual allegations must be
7  sufficient to support a claim that they "[knew] of and disregard[ed] an excessive risk to [plaintiff's]
8  health . . . ." Farmer, 511 U.S. at 837. The court finds that under federal notice pleading standards,
9  the allegation that defendant Rose required plaintiff to take four tablets of Dulcolax and then did not
10 provide him with any medical assistance once he severely reacted is sufficient to state a claim under
11 section 1983. See Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). However, plaintiff's
12 allegations fall short of stating a claim against defendant Cain. Delaying medical treatment without
13 more does not support a claim for relief under section 1983. McGuckin, 974 F.2d at 1060 (citing
14 Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). Accordingly,
15 defendant Rose is the only defendant against whom plaintiff has stated a cognizable claim.

16     C.    Conclusion

17      The court finds that plaintiff's complaint states a cognizable claim for relief against defendant
18 Rose for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the
19 Eighth Amendment. However, plaintiff's complaint does not state any other claims upon which
20 relief may be granted under section 1983. The court will provide plaintiff with the opportunity to
21 file an amended complaint, if plaintiff wishes to do so.
22      However, if plaintiff does not wish to file an amended complaint and wishes to proceed
23 against defendant Rose on his Eighth Amendment medical care claim only, plaintiff may so notify
24 the court in writing. The court will then issue Findings and Recommendations recommending that
25 the remaining claims and defendants be dismissed from this action, and will forward plaintiff one
26 summons and one USM-285 form to fill out and return to the court. Upon receipt of these
27 documents, the court will direct the United States Marshal to initiate service of process on defendant
28 Rose.

1    In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
    a. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Rose on his Eighth Amendment medical care claim; or
    b. File an amended complaint curing the deficiencies identified by the court in this order, or
3. If plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    February 16, 2007**              /s/ Sandra M. Snyder
icido3                                                   UNITED STATES MAGISTRATE JUDGE

7