# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE M. WEISWASSER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHY MENDOZA-POWERS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00550-LJO-SMS PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND REQUIRING PLAINTIFF TO COMPLY WITH COURT'S ORDER WITHIN THIRTY DAYS<br><br>(Doc. 10) |

Plaintiff Lawrence M. Weiswasser ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 20, 2007, United States Magistrate Judge Sandra M. Snyder screened plaintiff's complaint, and ordered plaintiff to either file an amended complaint curing the deficiencies identified by the Court or notify the Court of his willingness to proceed only against defendant Rose. (Doc. 8.) On March 5, 2007, plaintiff filed a motion seeking reconsideration in which he asserts that he would like to proceed with his complaint against all the defendants he named or he would like to withdraw his complaint. (Doc. 10.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

1    Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin</u>
2    <u>Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983)
3    (<u>en</u> <u>banc</u>). To succeed, a party must set forth facts or law of a strongly convincing nature to induce
4    the Court to reverse its prior decision. <u>See</u> <u>e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634
5    F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th
6    Cir. 1987), <u>cert.</u> <u>denied</u>, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit
7    has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding
8    clauses.'" <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338 (9th Cir. 1986)
9    (quoting <u>Corex Corp. v. United States</u>, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is
10   reserved for 'extraordinary circumstances.'" <u>Id</u>. When filing a motion for reconsideration, Local
11   Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist
12   which did not exist or were not shown upon such prior motion, or what other grounds exist for the
13   motion."

14   Plaintiff has set forth no grounds entitling him to reconsideration of the Magistrate Judge's
15   order. Plaintiff may either amend his complaint or proceed on his original complaint against
16   defendant Rose only. In the alternative, plaintiff has the right to voluntarily dismiss this action if he
17   so chooses. Fed. R. Civ. P. 41(a).

18   Plaintiff's motion for reconsideration is HEREBY DENIED, and plaintiff SHALL comply
19   with the Court's order of February 20, 2007, within **thirty (30) days** from the date of service of this
20   order.

21

22   IT IS SO ORDERED.

23   **Dated:    March 12, 2007**            /s/ Lawrence J. O'Neill
     b9ed48                                  UNITED STATES DISTRICT JUDGE
24

25

26

27

28